# CASES DETERMINED

# ST. LOUIS COURT OF APPEALS,

## OCTOBER TERM, 1881.

---

### IN THE MATTER OF CONRAD LOEHR.

#### October 11, 1881.

1. In case of a conviction for a misdemeanor, the defendant may waive his right to move for a new trial, and on such waiver the court may at once pronounce sentence.

2. The record-entry of the appointment of a provisional judge for the court of criminal correction by the, circuit court need not recite the legal qualification of the appointee.

PETITION for *habeas corpus*.
*Prisoner remanded*.
WILLIAM BUSCH, for the petitioner.
M. W. HOGAN, *contra*.

LEWIS, P. J., delivered the opinion of the court.

The petitioner prays to be released, under the writ of *habeas corpus*, from imprisonment in the city workhouse, to which he was sentenced by the court of criminal correction for the offence of petit larceny. Among other points, it is urged in his behalf that sentence was improperly pronounced against the prisoner upon the same day upon

( 53 ).

which he was convicted. Whatever objections might be
urged against such a proceeding in other cases, there can
be none here, since the record shows that, upon the finding
of guilty, the prisoner himself asked to be sentenced forth-
with. There can be no doubt that, in cases of conviction
for a misdemeanor, the defendant may waive his right to
move for a new trial, and that, upon such a waiver, the
court may pronounce judgment without delay, and enforce
it by execution. Such was, in effect, the course of proceed-
ing in the present case.

It appears that the prisoner was tried and convicted be-
fore Hon. Garret S. Van Wagoner, as provisional judge of
the court of criminal correction, under appointment by
the St. Louis Circuit Court, in the absence from the city of
Hon. Charles F. Cady, the regularly constituted officer.
It is not suggested that the appointment was without au-
thority of law, or that the appointee was not duly qualified
to hold the office and perform its functions. But it is ob-
jected that the record-entry of the appointment, by the
circuit court, does not set forth the fact of legal qualifica-
tion in its appointee ; and hence it does not appear that the
provisional judge had any proper authority to act as such.
We know of no principle of law or of common sense that
gives the least countenance to such an objection. The order
of appointment recites the absence of the regular judge,
and his consequent inability to discharge the duties of his
office. Nothing more is required by the statute to author-
ize the circuit court to make an appointment. The juris-
dictional condition is thus shown to be fulfilled, and all
presumptions are in favor of a proper exercise of the juris-
diction, in the selection of a qualified and suitable person,
until the contrary shall be made to appear. There is no
need for a recital anywhere, that the court performed its
duty, and was guilty of no error in making its selection.

It is further objected that the commission, or order of
appointment, of the provisional judge, was not set out at

length on the records of the court of criminal correction. We do not perceive how such an omission, if it were a fact, could be made available in the present proceeding. But there is neither proof nor admission before us of any such fact, and there is, therefore, no reason why it should be considered for any purpose.

Some other objections to the prisoner's commitment are raised, which, if they could be seriously considered, might be called purely technical. Nothing is shown to us which in the slightest degree impeaches the regularity and validity of the proceedings which resulted in the prisoner's confinement under a judicial sentence. The petitioner will, therefore, be remanded to the custody of the respondent. All the judges concur.